Johnson, J.
delivered the opinion of the Court.
There is some confusion in the grounds of this motion, as they aré stated in the brief; but upon examination it will be found, that the motion for a nonsuit is confined to the objections: — 1st. That the plaintiff did not prove, at the trial, that he was the guardian of his supposed ward Martha Edwards. (The counsel is mistaken in supposing, that it was not laid in the declaration.) 2d. That there was a variance between the evidence and the bill of particulars filed with the declaration.
It is a familiar rule, that a plea to the merits is an admission of the plaintiff’s right to sue in the character in which he declares. ■ The objection goes to the disability of the plaintiff, and not to the merits ; and can only be taken advantage of by plea in abatement. Trapier v. Mitchell, 2 N. & M. 64. The rule is otherwise in those cases where the. plaintiff declares in his own right, and the character, in which he claims, makes part of his title to the thing, for which he sues: but here the plaintiff, sues in right of his ward. Nor is the second objection founded. The variance complained of between the proof and the bill of particulars is only in the amount. The amount charged in the bill of particulars is $350, and the proof is that it was upwards of $300. A plaintiff cannot recover more, but I have never before heard it questioned,, that he might give evidence of a less sum than that stated in the declaration on the common counts.
The motion for a new trial is founded on the objections:— 1st. That the presiding Judge rejected evidence, offered by the defendant, of the declarations of the defendant’s testator, made at a different time, and inconsistent with those given in evidence by the plaintiff in support of the action. 2d. That he also refused to permit, the plaintiff to give in evidence, the record of a recovery-by Oliver, Administrator of Kennedy, against Collin Edwards, the guardian of the present plaintiff, in an action of trover for the negro woman /Dinah, who is alleged t© be the same slave, for whose value this action is brought.
*464 1st. The rule which permits the declarations of a party to be given in evidence against him, would be of little avail, if he were permitted to rebut them by other declarations, made by himself, at a different time. No one would ever want sufficient proof, when the evidence of his liability arose out of his own declarations, if he might manufacture evidence for himself of the most strong and plenary character. His plea is itself a denial of the plaintiff’s right to recover; and if he were permitted to give his own declarations in evidence, by way of defence, that would be conclusive. The rule that a party’s admissions are to betaken, all together, is limited to all that was said at the time, to which the evidence of the opposite party refers, and does not extend to all that one may say through a long life.
2d. I am of opinion also, that the record of recovery by Oliver, Administrator of Kennedy, against Collin Edwards, was properly rejected, as irrelevant, and immaterial. That recovery was had some 12 or 14 years ago, and the object of introducing it, was, as I understand, to shew that the title in the negro Dinah was in Collin Edwards, and not in his ward Martha Edwards. Whatever inference might be drawn from that recovery, and although it might amount to incontrovertible proof, that the right of property was in Collin Edwards; it does not follow, that he may not have parted with it to his ward. This action itself is a solemn declaration on his part, that the property is no longer.his, but that of his ward; and, as between himself and the defendant, he is forever concluded by this recovery to claim in his own right.
Again, the admissions of the defendants’ testator, that he had sold Dinah for Martha Edwards, and that he was accountable to her for the money lent to the defendant, Jesse Ford, furnish abundant proof, that in the sale of Dinah he acted as the friend, or agent, of Martha Edwards. As a general rule, the agent cannot question the right of his principal .to that which he receives under his authority, and for his use, no more than a tenant can call in question the title of his landlord; unless the payment to the principal would subject the agent to a liability to a third person. In Sadler v. Evans, 4 Bur. 1986, it was held, that the defendant having received money for Lady Windsor, his principal, to which she was not intitled, and paid it over to her without notice, and bona fide, he was not liable over to the party, *465 Who paid it to him, by mistake : and the necessary inference is, that if the agent has receivedmoney for his principal, he is bound to pay it over, unless he has' notice that some one else claims to be intitled to it. Now here, so far from the defendants having notice of any claim hostile to the rights of Martha Edwards, the identical person in whom they would allege the right, claims the money in her name.
This would be sufficient for the disposition of the case, but it has been urged in the argument, that the judgment of Oliver, Ad* ministrator of Kennedy, against Collin Edwards, is not satisfied; and that being insolvent, he fraudulently gave the negro Dinah, to his ward, to elude the payment of this judgment. If this were true, it could not avail the defendants. They are not creditors, nor do they represent them: neither do I perceive how creditors, third persons, could prefer their claims in a Court of Law. I am not prepared to say, however, as this fund arises from the sale of the identical negro sued for by Oliver from Collin Edwards, that, upon a proper case made, a Court of Equity would not lay hold of the fund, if it appeared, that the transfer of the negro to Martha Edwards, was made with the intent to defraud him. However that may be, it is at least Certain, that a Court of Law cannot afford relief.
Motion refused.